NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CESAR IVAN JUMBO-MOLINA,

        *Petitioner,*

        v.

TODD BLANCHE, *et al.,*

        *Respondents.*

Civil Action No. 26-cv-07414

**ORDER**

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Petitioner Cesar Ivan Jumbo-Molina ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention (ECF No. 1); and

**WHEREAS**, Petitioner is a 26-year-old native and citizen of Ecuador who entered the United States on or about February 10, 2019 without admission or parole and has resided continuously in the United States since that time (*id.* ¶¶ 1–2, 37); and

**WHEREAS**, upon his entry, Petitioner was processed in expedited removal proceedings and subsequently released on his own recognizance under an order of supervision pending the scheduling of a credible fear interview (*id.* ¶¶ 2, 38); and

**WHEREAS**, Petitioner alleges he complied with all conditions of supervision and affirmatively pursued relief by filing an asylum application with U.S. Citizenship and Immigration Services, which remains pending (*id.* ¶¶ 3, 39); and

**WHEREAS**, Petitioner alleges he submitted a written request, through prior counsel, seeking scheduling of a credible fear interview that had not yet been provided as of the date of his

arrest (*id.* ¶¶ 30, 38); and

**WHEREAS**, on June 18, 2026, Petitioner was taken into custody by Immigration and Customs Enforcement at a scheduled reporting appointment in Newark, New Jersey, and has remained detained at the Delaney Hall Detention Center since that time (*id.* ¶¶ 1, 4, 11); and

**WHEREAS**, Petitioner alleges that DHS is detaining him pursuant to 8 U.S.C. § 1225(b)(2) on the ground that he is an "applicant for admission," notwithstanding his prolonged physical presence in the United States and prior release under an order of supervision (*id.* ¶¶ 4, 6–7); and

**WHEREAS**, Petitioner has no final order of removal, and alleges that continued detention without lawful statutory authority constitutes irreparable injury to his liberty interests (*id.* ¶ 40); and

**WHEREAS**, Respondents filed a Response to the Petition on June 25, 2026[1] (ECF No. 7), asserting that Petitioner is subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(1)(B)(ii), on the basis that he was apprehended near the border, placed in expedited removal proceedings, and, following credible-fear processing, referred into full removal proceedings under 8 U.S.C. § 1229a, during which detention is required by statute and not subject to bond redetermination (ECF No. 7 at 2–3); and

**WHEREAS**, Respondents further state that Petitioner failed to appear for a scheduled credible-fear interview on April 8, 2026 (*id.* at 2; ECF No. 7-1 at 2), while also asserting elsewhere in their submission that Petitioner was found to have a credible fear of persecution or torture and

---

[1] Respondents' Response (ECF No. 7) was filed after the deadline set by the Court's June 20, 2026 Text Order, which required submission by June 24, 2026. The Court will, however, accept the submission *nunc pro tunc* in order to avoid any disruption to the orderly adjudication of the matter and to ensure a complete record for disposition.

2

was referred into full removal proceedings based on that determination (ECF No. 7 at 2–3), presenting an internal inconsistency in the procedural description of the credible-fear process; and

**WHEREAS**, Respondents additionally contend that Petitioner was released on interim parole pursuant to 8 U.S.C. § 1182(d)(5)(A) following his entry into the United States, and further rely on the "entry fiction" doctrine in arguing that such parole does not alter his classification as an applicant for admission for purposes of detention authority (*id.* at 3); and

**WHEREAS**, the Court has reviewed the Petition (ECF No. 1), the Response (ECF No. 7), and resolves this matter on statutory grounds; and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained under Respondents' repeated invocation of 8 U.S.C. § 1225 because, as set forth in this Court's recent decision in *Bethancourt Soto v. Soto*, ____ F. Supp. 3d _____, No. 25-16200, 2025 WL 2976572 (D.N.J. Oct. 22, 2025), Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond; and

**WHEREAS**, the Court notes that federal courts have in near unanimity similarly rejected the Government's position in approximately 300 cases to date, a number which climbs with every passing day. *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *4–5 (E.D. Pa. 2025) (noting "the law is clear" and that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. Those decisions are plainly correct."); *see also* App., *Demirel*, 2025 WL 3218243 (ECF No. 11-1) (collecting cases); and

**WHEREAS**, under these circumstances, "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially

restore [Petitioner] is to immediately release him and enjoin the Government from further similar transgressions" *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 373 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained"). The Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later. *See, e.g., Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839 F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning"); therefore

IT IS, on this 1st day of July 2026,

ORDERED that Petitioner's § 2241 Petition (ECF No. 1) is GRANTED; and it is further

ORDERED that Respondents shall RELEASE Petitioner WITHIN 24 HOURS of this

Order, under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225 absent material change in circumstances; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**Hon. Karen M. Williams**
**United States District Judge**

5